UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| | | |
|---|---|---|
| DAVID S. THOMAS and<br>DOROTHY L. HARRIS. | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| VS. | ) ) | NO.   5:14CV-191-R |
| RIVERFRONT LIMESTONE, LLC | ) ) ) ) ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, David S. Thomas and Dorothy L. Harris, and for cause of action against the Defendant, Riverfront Limestone LLC, would state to the Court as follows:

1.      The Plaintiffs David S. Thomas and Dorothy L. Harris are residents of Hickman, Kentucky and are husband and wife.

2.      Defendant, to the best of Plaintiffs' knowledge, information and belief, is a corporation organized and existing under the laws of the State of Kentucky with principle offices located in Hickman, Kentucky. At all times material hereto Defendant was in the sand and gravel business and operated a facility at Mile 922 in Elvis J. Stahr Harbor off of the Mississippi River near Hickman.

3.      This action is brought by the Plaintiffs pursuant to § 905(b) of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 *et seq.*, and the General Maritime Law of the United States.   Jurisdiction is based upon 28 U.S.C. § 1333(1).

4.      That at all times pertinent hereto Defendant owned and operated a barge used by it to unload other river barges in conjunction with its business.

5.      That on or about December 6, 2011, Plaintiff David S. Thomas was employed by Harold Coffey Construction Co., Inc., Hickman, Kentucky.   On said date he was sent to the Defendant's facility to repair a stanchion located on said barge. While in the process of doing this, his foot became entangled in cable that was on the deck of the barge, and he was caused to fall overboard and into the river.

6.      On the date of said incident, the Defendant's barge did not provide or have available for Plaintiff's use a proper personal flotation device.   Also, the Defendant's barge was not equipped with proper man overboard rescue equipment, such as life lines or grab ropes.

7.      Because of the absence of a proper personal flotation device and proper man overboard rescue equipment as aforesaid, after the Plaintiff fell into the river, he struggled in the cold water while attempting to swim to the bank, and he remained in the water for approximately 10 minutes. During this time his head went under the water several times, he ingested river water and diesel fuel, and he suffered hypothermia.

8.      That the Defendant was negligent in the following respects:

a)    by allowing the cable to remain on the deck of its vessel when it knew or should have known that such cable would pose a trip hazard;

b)    by not having a proper personal floatation device available for the Plaintiff's use; and,

c)    by not have proper man overboard rescue equipment on its vessel.

Said acts of negligence of the Defendant constituted the proximate cause of the Plaintiff David S. Thomas' injuries set forth below.

9.    Plaintiff asserts that at the time of his aforesaid injury he and the Defendant were covered under the provisions Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 *et seq.*

10.    At the time of the aforesaid accident, § 905(b) of the Longshore and Harbor Workers Compensation Act was in full force and effect, the provisions of which are as follows:

> b)   In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 33 of this Act [33 U.S.C. Sec. 933], and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer. The liability of the vessel under this subsection shall not be based upon the

warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Act.

11.     That the barge was a vessel in navigation and that the above acts of negligence as set forth in paragraph 8 above constituted negligence of the vessel under § 905(b) for which the Defendant is liable for the damages complained of herein.

12.     As a result of the aforesaid incident, the Plaintiff David S. Thomas was injured in the following respects:

a)      Plaintiff suffered hypothermia;

b)      Plaintiff developed a chronic cough, dyspnea, bronchitis, restrictive lung disease, sensitivity to cold air and other airway irritants, and diastolic dysfunction;

c)      Plaintiff was required to seek and obtain necessary hospital and medical treatment in an effort to be cured and relieved of the effects of his injuries;

d)      Plaintiff has lost money from the loss of wages in the past and will continue to lose money from lost wages in the future;

e)      Plaintiff has suffered a loss of earning capacity;

f)      Plaintiff has experienced pain and suffering in the past and will experience pain and suffering in the future;

g)      Plaintiff has suffered disability and impairment as a result of his injuries, and said disability and impairment are permanent; and,

h)      Plaintiff has suffered a loss of the enjoyment of life.

13.     That the Plaintiff Dorothy L. Harris has sustained the loss of consortium and loss of society of her husband David S. Thomas.

WHEREFORE, Plaintiffs pray as to all counts:

1.      That upon a hearing of this cause, the Plaintiff, David S. Thomas, be awarded a judgment against the Defendant for damages, actual and special, for personal injuries, together with the cost of prosecuting this cause.

2.      That upon a hearing of this cause the Plaintiff, Dorothy L. Harris, be awarded a judgment against Defendant for loss of consortium and loss of society of her husband, David S. Thomas, together with the cost of prosecuting this cause.

3.      That a jury be empaneled to try the issues when joined.

4.      That the Court grant the Plaintiffs such other, further and general relief as to which justice may require.

Respectfully submitted,

/s/ Lee Jeff Bloomfield
LEE J. BLOOMFIELD, #93029
**BLOOMFIELD & KATZ**
2226 Broadway, Suite 1
P.O. Box 2903
Paducah, KY 42002-2903
*Attorney for Plaintiff*

-5-